UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY- NEWARK VICINAGE
----------------------------------------------------------------x

T-MOBILE NORTHEAST LLC,

                Plaintiff,

-against-

TOWN OF HARRISON, and TOWN OF
HARRISON ZONING BOARD OF ADJUSTMENT,

                Defendants.

----------------------------------------------------------------x

**CONSENT ORDER**

Docket No. 21-cv-13627

    **WHEREAS**, on or about December 3, 2020 plaintiff T-Mobile Northeast LLC ("T-Mobile") filed an application with the Town of Harrison Zoning Board of Adjustment (the "Board") seeking height and use variances, bulk variances, design waivers and preliminary and final site plan approval to install a wireless communications facility (the "Facility") on the rooftop of the existing building at 600 Frank E. Rodgers Boulevard North, Harrison, New Jersey 07029 (the "Premises") (the "Application"), which Application is incorporated by reference;

    **WHEREAS**, the Board conducted public hearings on the Application on March 17, 2021, April 21, 2021 and May 19, 2021;

    **WHEREAS**, at the conclusion of the hearing on May 19, 2021 the Board denied the Application, which denial was memorialized in a written resolution enacted on June 15, 2021, which is incorporated by reference;

    **WHEREAS**, on July 14, 2021 T-Mobile filed this action challenging the Board's denial of its Application as violative of the Federal Telecommunications Act of 1996, 47 U.S.C. § 332(c)(7)(B)(ii), and for other reasons;

    **WHEREAS**, after further review T-Mobile and the defendants (the "Parties") have agreed

federal law pre-empts local regulation of the Application;

**WHEREAS**, because of federal pre-emption, and for other reasons including the early settlement of costly protracted litigation, the Parties have agreed to amicably resolve this matter without admission of fault of liability;

**WHEREAS**, the Parties acknowledge and confirm that T-Mobile has a significant gap in personal wireless services in the areas surrounding the Premises;

**WHEREAS**, the Parties have reviewed alternate locations and designs for the Facility and have concluded that the Facility at the Premises, as proposed in T-Mobile's application, is the least intrusive means available to remedy the significant gap in personal wireless services identified in T-Mobile's network in the areas surrounding the Premises;

**WHEREAS**, without the Facility T-Mobile will be materially inhibited from providing its services;

**WHEREAS**, by resolution dated October 5, 2021 and incorporated by reference, the Town approved entry into this Consent Order with execution by its counsel;

**WHEREAS**, by resolution dated October 20, 2021 and incorporated by reference, the Board approved entry into this Consent Order with execution by its counsel; it is

On this ~~21st~~ 2nd day of ~~October~~ November, 2021,

**ORDERED THAT:**

1. The Facility at the Premises as proposed in T-Mobile's application is the least intrusive means available to remedy the identified significant gap in personal wireless services; and without the Facility T-Mobile will be materially inhibited from providing its services amounting to an effective prohibition of the provision of personal wireless services, in violation of the TCA;

2. The Application is declared approved;

3. The Town shall issue a building permit for the Facility at the Premises within 30 days of receipt of an application for a building permit by T-Mobile provided any such application is complete and complies with all applicable laws;

4. The Parties acknowledge that this Consent Order was the product of negotiation by all parties through their counsel, including negotiation as to the language set forth herein, and, as such, to the extent there is any issue with respect to any alleged, perceived or actual ambiguity in this Settlement, the ambiguity shall not be resolved on the basis of who drafted the Settlement;

5. If Defendants fail to comply with this Consent Order, or if a third-party action is commenced with respect to the approval of the Facility pursuant to this Consent Order, this Court shall retain jurisdiction and Plaintiff may seek enforcement of this Consent Order by this Court;

6. The Parties' attorneys are authorized to execute this Consent Order which shall be binding upon the Parties; and

7. The complaint is dismissed without prejudice and without fees, costs, disbursements, damages, interest or attorneys' fees against any party. The Court shall retain jurisdiction over this matter until: (i) all permits and approvals required to install and operate the Facility have been issued, including, without limitation, all building permits and certificates of occupancy and (ii) the time for any legal challenge to the approvals for the Facility, and any associated local approvals has expired. Upon the last of the foregoing to occur, this action will be dismissed with prejudice.

By: _____   Date: 10/25/21
Gregory J. Castano Jr.
CASTANO QUIGLEY LLC
Attorney for Defendants
155 Passaic Avenue – Suite 340
Fairfield, NJ 07003
(973) 808-1234

By: _____   Date: 10/25/21
Robert D. Gaudioso, Esq.
SNYDER & SNYDER, LLP
Attorney for Plaintiff
94 White Plains Road
Tarrytown, NY 10591
(914) 333-0700

SO ORDERED:

By: _____   Date: 11/2/21
HON. JESSICA S. ALLEN
United States Magistrate Judge
Newark, New Jersey

4